Dear Mr. Wilson:
Our office is in receipt of your request for an Attorney General's opinion regarding the location of parish offices. Specifically, you have questioned which offices within the Parish of Lafourche can be relocated outside of the parish seat.
The Parish of Lafourche operates under a home rule charter, with a parish council form of government, under the provisions of Article 6, Section 5, of the Louisiana Constitution of 1974. By such constitutional authority, a home rule form of government is granted the authority to act in all matters pertaining to local government, where such action is not specifically denied by state law. However, in the area of structure and organization or the particular distribution and redistribution of the powers and functions of local government, not even state law can affect them. See Article 6, Section 6, of the Louisiana Constitution of 1974, and Atty. Gen. Op. No. 81-94, enclosed herein.
The question is whether the power to establish the location of governmental departments is a power within the authority of a parish governing body functioning under a home rule charter as a matter of the structure and organization of local government, or as a matter of the powers and function of local government.
In Attorney General Opinion No. 81-90, our office reviewed this matter extensively and concluded that "[t]he area dealing with supervision, control, internal arrangement and organization of a particular department or organ of local government and not the right and power or duty and obligation to perform is the area constitutionally protected from interference by the state", and that "[t]he location of the office of a parish employee or official does not relate to the power, authority, duty, onus or obligation to perform, but relates more to the arrangement, organization and structure of local government." Our office then opined that "[a] parish governing body functioning under the provisions of a home rule charter pursuant to Article 6, Section 5, of the Louisiana Constitution of 1974, has the authority, if not inconsistent with its home rule charter, to enact an ordinance establishing the office location of the parish Secretary-Treasurer", finding that the provisions of state law providing for the location of the parish treasurer would violate the mandates of Article 6, Section 6 of the constitution.
LSA-R.S. 33:1236 provides for the powers of parish governing authorities, and Paragraph (47) requires that parish offices must be maintained at the parish seat. However, we reaffirm our earlier analysis stated above and opine that the parish governing authority of the Parish of Lafourche, which operates under a home rule charter form of government, may establish by ordinance the location of its governmental offices, but if it fails to do so, such offices shall be located at the parish seat in accordance with state law.
We hope that this opinion sufficiently addresses all of your concerns, and if we can be of further assistance in this matter, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ANGIE ROGERS LaPLACE Assistant Attorney General RPI/ARL:pb/0246s